Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
Joy J. Chen, Bar No. 273894
jchen@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone: 415.512.3000
Facsimile: 415.856.0306

Attorneys for Defendant
COUNTY OF SUTTER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| ANU CHOPRA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SUTTER; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendant. | Case No.: 17-CV-677-TLN-CMK<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT**<br><br>**[FRCP 12(b)(6), 12(f)]**<br><br>Date:　　　July 13, 2017<br>Time:　　　2:00p.m.<br>Courtroom: 2, 15th Floor<br>Judge:　　Hon. Troy L. Nunley<br><br>*[Defendant's Memorandum of Points and Authorities; and [Proposed] Order filed concurrently herewith]* |

**TO PLAINTIFF ANU CHOPRA AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 13, 2017, at 2:00p.m., or as soon as thereafter as the matter may be heard in the above-entitled Court, located at 501 I Street, Courtroom 2, 15th Floor, Sacramento, California, Defendant COUNTY OF SUTTER ("Defendant") will move the Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss portions of Plaintiff Anu Chopra's ("Plaintiff") Complaint without leave to amend on the following grounds:

///

///

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1. The First Claim for hostile work environment under 42 U.S.C. § 2000e and Cal. Gov. Code §12940, subd. (j) fails as a matter of law because Plaintiff has pled insufficient facts to establish a *prima facie* case that a hostile work environment existed on the basis of Plaintiff's religion.

2. The Second Claim for discrimination based on religion under 42 U.S.C. § 2000e and Cal. Gov. Code §12940, subd. (a) fails as a matter of law because Plaintiff has pled insufficient facts to establish a *prima facie* case that Plaintiff's religion was a motivating factor in any adverse employment action.

3. The Third Claim for retaliation under Cal. Labor Code §§ 98.6 and 1102.5 fails as a matter of law because Plaintiff has pled insufficient facts to establish a *prima facie* case that she engaged in protected activity.

4. The Third Claim for retaliation under Cal. Labor Code §1102.5 fails as a matter of law because Plaintiff has pled insufficient facts to show exhaustion of administrate remedies and because her claim is barred by statute of limitations.

**PLEASE ALSO TAKE FURTHER NOTICE THAT** at the same time and place, Defendant will move this Court pursuant to Fed. R. Civ. P. 12(f) to strike portions of the Complaint as irrelevant, redundant, immaterial, impertinent, or scandalous matters, as follows:

1. Complaint at pp. 2:1-3:1: "Overview of the Case" in its entirety.

2. Complaint at pp. 2, 3, 4: All photographs.

3. Complaint, ¶16 at p. 4:26-27: "On information and belief, Parker later became DA Hopper's lover. This relationship began while CHOPRA was employed with Sutter County."

4. Complaint, ¶17 at p. 6:16-17: "CHOPRA was suspicious of DA Hopper's intensions for this case and wondered if DA Hopper was entangled with the defendant in some way."

5. Complaint, ¶21 at p. 8:2-4: "CHOPRA did not know that DA Hopper and Parker were in a relationship such that he would have motivation to please his confidential paramour."

The Motion to Strike is made on the grounds that all of the above references are irrelevant, immaterial, impertinent, or scandalous matters to the Complaint.

These Motions are based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings and papers on file with the Court herein, on such matters as the Court may take judicial notice, and any further evidence and argument that the Court may receive at or before the hearing on this Motion.

Dated: May 8, 2017                          LIEBERT CASSIDY WHITMORE

By: _____
      Morin I. Jacob
      Joy J. Chen
      Attorneys for Defendant
      COUNTY OF SUTTER