Morin I. Jacob, Bar #204598
mjacob@lcwlegal.com
Joy J. Chen, Bar #273894
jchen@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone:    415.512.3000
Facsimile:    415.856.0306

Attorneys for Defendant
COUNTY OF SUTTER

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| ANU CHOPRA,<br><br>           Plaintiff,<br><br>   v.<br><br>COUNTY OF SUTTER; and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No.:  17-CV-677-TLN-CMK<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT [FRCP 12(b)(6), 12(f)]**<br><br>Date:      July 13, 2017<br>Time:     2:00 p.m.<br>Courtroom: 2, 15th Floor<br>Judge:    Honorable Troy L. Nunley<br><br>*[Defendants' Notice of Motion and Motion to Dismiss and Motion to Strike; and [Proposed] Order filed concurrently herewith]* |

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT

8145278.8 SU060-009

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................9

II. STATEMENT OF ALLEGATIONS RELEVANT TO THE MOTION..........................9

III. LEGAL STANDARD ..............................................................................11

    A. MOTION TO DISMISS UNDER RULE 12(B)(6) ..............................11

    B. MOTION TO STRIKE UNDER RULE 12(F) ....................................12

    C. COMPLAINT IS SUBJECT TO STRIKE WHEN PLAINTIFF FAILS TO PLEAD A "SHORT AND PLAIN STATEMENT" PER RULE 8 ........................................................................................13

IV. MOTION TO DISMISS ..........................................................................13

    A. PLAINTIFF'S FIRST CLAIM FOR HOSTILE WORK ENVIRONMENT UNDER TITLE VII AND FEHA MUST BE DISMISSED ....................................................................................13

    B. PLAINTIFF'S SECOND CLAIM FOR RELIGIOUS DISCRIMINATION UNDER TITLE VII AND FEHA MUST BE DISMISSED ....................................................................................16

    C. THE FOURTH CLAIM FOR WHISTLEBLOWER RETALIATION MUST BE DISMISSED..........................................18

        1. Insufficient Facts Alleged for Violation of Labor Code Section 98.6..........................................................................18

        2. The Labor Code Section 1102.5 Claim Fails Because Plaintiff Has Failed to Allege Exhaustion of Administrative Remedies..........................................................................18

        3. Insufficient Facts Alleged for Violation of Labor Code Section 1102.5..........................................................................19

V. MOTION TO STRIKE ............................................................................22

    A. "OVERVIEW OF CASE" IS PROLIX, REDUNDANT, UNNECESSARY, AND CONTRAVENES REQUIREMENT FOR A "SHORT AND PLAIN STATEMENT" OF THE CLAIMS..........................22

    B. PHOTOGRAPHS CANNOT BE PART OF THE PLEADINGS, THEY ARE IMMATERIAL, AND FOR IMPROPER PURPOSES ...................23

        1. Photographs Are Not "Written Instruments" to Be Contemplated in a Complaint Pursuant to Rule 10 and Should Be Stricken As Immaterial ........................................23

        2. Photographs Have No Bearing this Employment Action .........................25

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT

8145278.8 SU060-009

　　　　　3.　Photographs Are Harassing, Prejudicial, and Invade Third
　　　　　　　Party Privacy .................................................................................25

　　C.　SCANDALOUS ALLEGATIONS SHOULD BE STRICKEN ...........................26

VI.　CONCLUSION.................................................................................................28

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT

8145278.8 SU060-009

**Federal Cases**

*Adams v. Johnson*
 355 F.3d 1179 (9th Cir. 2004) ...............................................................................12

*Anderson v. U.S. Dept. of Housing & Urban Develop.*
 554 F.3d 525 (5th Cir. 2008) .................................................................................21

*Ashcroft v. Iqbal*
 556 U.S. 662 (2009) ...............................................................................................17

*Balistreri v. Pacifica Police Dept.*
 901 F.2d 696 (9th Cir. 1990) .................................................................................12

*Bell Atl. Corp. v. Twombly*
 550 U.S. 544 (2007) ...............................................................................................12

*Bureeong v. Uvawas*
 922 F.Supp.1450 (C.D. Cal. 1996) ........................................................................12

*Cabot v. Wal-Mart Stores*, Inc.
 No. CIV 11–0260 JB/RHS, 2012 WL 1378529 (D.N.M. 2012) ...........................22

*Candelore v. Clark County Sanitation District*
 975 F.2d 588 (9th Cir.1992) ..................................................................................14

*Cruz v. Oxford Health Plants, Inc.*
 No. 03CIV.8863(LTS)(JCF), 2004 WL 2609528 (S.D. N.Y. Nov. 17, 2004) .......27

*Dichter-Mad Family Partners, LLP v. United States*
 (C.D. Cal. 2010) 707 F.Supp.2d 1016, 1019 .........................................................23

*EEOC v. Abercrombie & Fitch Stores, Inc.*
 135 S.Ct. 2028 (2015).............................................................................................16

*Ellison v. Brady*
 924 F.2d 872 (9th Cir.1991) ..................................................................................15

*Erdmann v. Tranquility Inc.*
 155 F.Supp.2d 1152 (N.D. Cal. 2001) ...................................................................14

*Fallon v. U.S. Gov't*
 No. CIV S–06–1438, 2007 WL 707531 (E.D.Cal. March 6, 2007.) .......................13

*Fantasy, Inc. v. Fogerty*
 984 F.2d 1524 (9th Cir. 1993) ...............................................................................12

*Faragher v. City of Boca Raton*
 524 U.S. 775 (1998)................................................................................................14

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT

8145278.8 SU060-009

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

*Germaine Music v. Universal Songs of Polygram*
  275 F.Supp.2d 1288 (2003) ..............................................................13

*Godwin v. Hunt Wesson, Inc.*
  150 F.3d 1217 (9th Cir. 1998) .........................................................14

*Hahn v. City of Carlsbad*
  No. 15-CV-2007 DMS (BGS), 2016 WL 3211801 (S.D. Cal. Feb. 3, 2016)..........24

*Harris v. Forklift Sys. Inc.*
  510 U.S. 17 (1993)...................................................................14, 15

*Hearns v. San Bernardino Police Dept.*
  530 F.3d 1124 (9th Cir. 2008) .........................................................13

*Khan v. 7-Eleven, Inc.*
  No. EDCV1400522DMGPLAX, 2014 WL 12601018, (C.D. Cal. Nov. 3,
  2014).....................................................................................24

*LeDuc v. Kentucky Central Life Ins. Co.*
  814 F.Supp. 820 (N.D. Cal. 1992) .....................................................12

*Manatt v. Bank of America*
  339 F.3d 792 (9th Cir.2003) ...........................................................15

*McHenry v. Renne*
  84 F.3d 1172 (9th Cir. 1996) ...............................................13, 22, 23

*Meritor Savings Bank, FSB v. Vinson*
  477 U.S. 57 (1986).....................................................................15

*Merrick v. Farmers Ins. Group*
  892 F.2d 1434 (9th Cir. 1990) .........................................................17

*Monge v. Maya Magazines, Inc.*
  688 F.3d 1164 (9th Cir. 2012) .........................................................26

*Mullis v. United States Bankruptcy Court*
  828 F.2d 1385 (9th Cir. 1987) .........................................................12

*Muniz v. United Parcel Service, Inc.*
  731 F.Supp.2d 961 (2010) .............................................................21

*Neveu v. City of Fresno*
  392 F.Supp.2d 1159 (E.D. Cal. 2005)...................................................19

*Nichols v. Azteca Restaurant Enterprises, Inc.*
  256 F.3d 864, 872 (9th Cir. 2001) .....................................................15

*Nkemakolam v. St. John's Military School*
  876 F.Supp.2d 1240 (D. Kan. 2012).........................................22, 23, 25

*Parrish v. Sollecito*
  No. 01 Civ.5420, 2002 WL 1072227, at *1 (S.D.N.Y. May 28, 2002)............26, 28

5

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT

8145278.8 SU060-009

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

*Perkins v. Silverstein*
  939 F.2d 463 (7th Cir. 1991) ...................................................................................22

*Porter v. Jones*
  319 F.3d 483 (9th Cir. 2003) ...................................................................................13

*Rose v. Bartle*
  871 F.2d 331 (3d Cir. 1989)......................................................................................22

*Schmier v. U.S. Court of Appeals for the Ninth Circuit*
  279 F.3d 817 (9th Cir. 2002) ...................................................................................12

*Sliger v. Prospect Mortg., LLC*
  789 F.Supp.2d 1212 (E.D. Cal. 2011).......................................................................13

*Sprewell v. Golden State Warriors*
  266 F.3d 979 (9th Cir. 2001) ...................................................................................12

*Starr v. Baca*
  652 F.3d 1202 (9th Cir. 2011) .................................................................................17

*Toth v. Guardian Indus. Corp.*
  Case No. 1:12-CV-0001 LJO DLB, 2012 WL 1076213 (E.D. Cal. Mar. 29,
  2012) ........................................................................................................................19

*Wilkerson v. Butler*
  229 F.R.D. 166 (E.D. Cal. 2005) ............................................................................26

*Williams v. Bd. of Trs. of Frederick Cmty. College*
  No. CIV.A. CCB03CV2123, 2004 WL 45517 (D. Md. Jan. 8, 2004)....................27

**State Cases**

*Aguilar v. Avis Rent A Car System, Inc.*
  21 Cal.4th 121 (1999) .............................................................................................14

*Burrahm v. IMPCO Techs., Inc.*
  No. B141340, 2002 WL 80258 (Cal. Ct. App. Jan. 22, 2002)..............................17

*Campbell v. Regents of the Univ. of Cal.*
  35 Cal.4th 311 (2005) .........................................................................................18, 19

*Carter v. Escondido Union High School Dist.*
  148 Cal.App.4th 922 (2007) ...................................................................................20

*Edgerly v. City of Oakland*
  211 Cal.App.4th 1191 (2012) .................................................................................21

*Fisher v. San Pedro Peninsula Hospital*
  214 Cal.App.3d 590 (1989). ...................................................................................14

*Fleet v. CBS, Inc.*
  50 Cal.App.4th 1911 (1996) ...................................................................................25

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT

8145278.8 SU060-009

*Green v. Ralee Engineering Co.*
 19 Cal.4th 66 (1998) ...............................................................................................20

*Grinzi v. San Diego Hospice Corp.*
 120 Cal.App.4th 72 (2004) ......................................................................................18

*Guz v. Bechtel National Inc.*
 24 Cal. 4th 317 (2000) .............................................................................................16

*Hager v. County of Los Angeles*
 228 Cal.App.4th 1538 (2014) ...................................................................................19

*Herberg v. Cal. Inst. of the Arts*
 101, Cal.App.4th 142 (2002) ....................................................................................15

*Hughes v. Pair*
 46 Cal.4th 1035 (2009) .............................................................................................15

*Jones v. Dept. of Corr. and Rehab.*
 152 Cal.App.4th 1367 (2007) ...................................................................................14

*Los Angeles County Dept. of Parks & Rec. v. Civil Services Comm'n*
 8 Cal.App.4th 273 (1992) .........................................................................................16

*Lyle v. Warner Bros. Television Productions*
 38 Cal.4th 264 (2006) .........................................................................................14, 15

*M.G. v. Time Warner, Inc.*
 89 Cal.App.4th 623 (2001) .......................................................................................26

*Miller v. Dep't of Corr.*
 36 Cal. 4th 446 (2005) .............................................................................................14

*Mize-Kurzman v. Marin Cmty. Coll. Dist.*
 202 Cal.App.4th 832 (2012) .....................................................................................21

*Mokler v. County of Orange*
 157 Cal.App.4th 121 (2007) ...............................................................................16, 19

*Rehmani v. Superior Court*
 204 Cal. App. 4th 945 (2012) ...................................................................................15

**Constitutional Provisions**

42 United States Constitution Section 2000 ....................................................................16

California Constitution Article 1, Section 1 ....................................................................25

**Statutes**

California Evidence Code Section 1040 ...........................................................................28

California Evidence Code Section 1043 ...........................................................................15

California Government Code Section 12940(a) ...............................................................16

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT

8145278.8 SU060-009

California Government Code Section 3344 ................................................................26

California Labor Code Section 1102.5 (b)..............................................................21

California Labor Code Section 98.6 ............................................................9, 18, 19

California Labor Code Section 98.6 (a)...................................................................18

California Labor Code Section 98.7 .........................................................................18

California Labor Code Section 98.7 (a).....................................................................19

California Labor Code Section 1102.5 ........................................................... passim

California Penal Code Section 832.7 .......................................................................28

California Penal Code Section 832.8 .......................................................................28

**Rules**

Federal Rule of Civil Procedure 8 ........................................................9, 13, 22, 23

Federal Rules of Civil Procedure 8(d)(1)...............................................................13

Federal Rules of Civil Procedure 8(a)(2)................................................................13

Federal Rule of Civil Procedure 9 ..........................................................................23

Federal Rule of Civil Procedure 10(c).....................................................22 ,23, 24, 25

Federal Rule of Civil Procedure 12(b)(6) ........................................................9,11, 12

Federal Rule of Civil Procedure 12(f) ............................................................ passim

**Other Authorities**

18 Am. Jur. 2d Copyright and Literary Property § 234 ..........................................26

5A Wright & Miller, Federal Practice and Procedure § 1382 (2d ed. 1990)..................12

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT

8145278.8 SU060-009

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

The Complaint should be dismissed without leave to amend pursuant to Rule 12(b)(6) for failure to state a claim as to the First, Second, and Fourth claims and for failure to set forth in her pleading "short and plain" statements and averments that are simple, concise and direct as required by Federal Rule 8.  In addition, portions of the Complaint should be stricken as irrelevant, impertinent, or scandalous matters, under Rule 12(f), including the unnecessary and redundant "Overview of the Case;" all photographs, as well as all scandalous references to a paramour relationship between non-parties to this case.

## II.     STATEMENT OF ALLEGATIONS RELEVANT TO THE MOTION

Plaintiff Anu Chopra ("Plaintiff" or "Chopra") initiated this employment action on March 30, 2017, asserting five claims in her Complaint against County of Sutter ("Defendant" or "Sutter County") for Title VII and FEHA hostile work environment, discrimination, and retaliation on the basis of race/national origin and religion, retaliation under Cal. Lab. Code §§ 98.6 and 1102.5; and failure to prevent discrimination, harassment, and retaliation under FEHA.  (Complaint, ECF #1.)

The relevant allegations to this Motion are:

Plaintiff describes herself as South Indian and a member of the Sikh community.  (*Id.*, ¶ 7 and at 2:6-7.)   She worked as Deputy District Attorney for Sutter County for approximately ten years since 2006.  (*Id.*, ¶¶ 7-8.)  In October 2013, Jana McClung ("McClung"), Assistant District Attorney for Sutter County, managed the District Attorney's Office while the District Attorney seat remained vacant pending District Attorney elections and acted as Chopra's supervisor from approximately November 2013 to December 1, 2014. (*Id.*, ¶¶ 10-11).  In June 2014 [sic], Amanda Hopper ("Hopper") won the election for the Sutter County District Attorney, whom Chopra endorsed.[1]  (*Id.*, ¶ 12.)  Hopper began as District Attorney for Sutter County on December 1, 2014, and Chopra thereafter reported directly to Hopper.  (*Id.*, ¶ 13.)  In the course of Plaintiff's

---

[1] Amanda Hopper was elected District Attorney in the November 2014 general election.

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1  employment, she also worked with Jason Parker ("Parker"), first in his capacity as Yuba City

2  Police Detective, then as Sutter County's Chief Investigator beginning in July 2015.  (*Id.*, ¶¶ 14,

3  16.)

4      Plaintiff then alleges "[o]n information and belief, Parker later became DA Hopper's

5  lover. This relationship began while CHOPRA was employed with Sutter County."  (*Id.*, ¶ 16.)

6  Plaintiff further alleges that "CHOPRA did not know that DA Hopper and Parker were in a

7  relationship such that he would have motivation to please his confidential paramour."  (*Id.*, ¶ 21.)

8  Additionally, she injects further romantic innuendo about her former supervisor that, "CHOPRA

9  was suspicious of DA Hopper's intensions for [the *McElfresh*] case and wondered if DA Hopper

10  was entangled with the defendant [*McElfresh*] in some way."  (*Id.*, ¶17 at p.6:16-17.)

11      Notwithstanding the allegations asserted in the Complaint pertaining to Plaintiff's

12  race/national origin claims, the only allegation asserted in connection with her religion claims is

13  that, in or around January 2016, Hopper's Personal Assistant, Sheri Roben ("Roben") "said the

14  Sikh patrons in Yuba City are like animals and throw garbage on the street like dogs.  On more

15  than one occasion, Roben expressed her disgust for the annual religious Sikh parade. Roben

16  stated she lives near the Sikh temple and it is a nuisance. Chopra felt insulted and attacked as a

17  member of the Sikh temple and a devoutly religious person."  (*Id.*, ¶ 29.)

18      In February 2016, Plaintiff contacted her union regarding the ongoing harassment and

19  discrimination by Hopper and Parker.  (*Id.*, ¶ 33.)  The union recommended that she prepare a

20  written memorandum to Hopper demanding the harassing and discriminating behavior stop. (*Id.*, ¶

21  33.)  Despite the Union's reassurances of her rights and protections when she expressed fear of

22  retaliation, Plaintiff does not allege that she provided Hopper a written memorandum about her

23  grievances.  As of April 7, 2016, she was still fearful that if she filed her discrimination

24  complaint, Hopper would find a way to terminate her from employment.  (*Id.*, ¶ 49.)

25      On April 8, 2016, Plaintiff was provided notice and placed on administrative leave.  (*Id.*, ¶

26  51.), as  the County hired Chuck Lebak ("Lebak") on April 21, 2016,  to investigate the allegations

27  stated in the Notice of Administrative Leave.  (*Id.*, ¶ 56.)  Around mid-May 2016, Plaintiff

28  questioned why her discrimination and harassment complaints were not included in the scope of

1   Lebak's investigation, whereby the investigation thereafter included interviews of Plaintiff's

2   witnesses.  (*Id.*, ¶ 59.)

3        On April 19, 2016, she "submitted a harassment and discrimination complaint County to

4   Human Resources"  (*Id.*, ¶ 54.) and on August 12, 2016, she "sent a letter to the County Human

5   Resources, Chief Administrative Officer Curt Coad, and County Counsel Jean Jordan, raising

6   serious concerns about the propriety and efficacy of the investigation conducted by Lebak." (*Id.*,

7   ¶ 67.)

8        On June 6, 2016, County Counsel told Plaintiff's lawyer that she needed to resign, but

9   Plaintiff refused.  (*Id.*, ¶ 61.)  Also on June 6, 2016, Plaintiff filed a DFEH complaint and

10  received an immediate Right to Sue letter.  (*Id.*, ¶6 2.)  On June 21, 2016, Plaintiff filed an EEOC

11  complaint and received a Right to Sue letter on August 12, 2016.  (*Id.*, ¶¶ 63, 66.)  On July 11,

12  2016, Plaintiff received a Notice of Intent to Terminate based on violation of department policy

13  and allegations of prosecutorial misconduct.  (*Id.*, ¶¶ 64, 65.)

14       On August 16, 2016, a *Skelly* hearing was held, where Hopper served as the *Skelly* officer,

15  and the proposal to terminate Plaintiff was upheld.  (*Id.*, ¶¶ 64, 69.)

16       The adverse employment actions Plaintiff alleges that Defendant took against her included

17  Plaintiff's change in job duties, unfair *Skelly* hearing, false performance reviews, administrative

18  leave, ultimate termination, and the overall hostile terms and conditions of her employment (*Id.*,

19  ¶¶ 105, 117.)

20       Plaintiff includes in the Complaint several color photographs purporting to depict non-

21  party District Attorney Amanda Hopper (*Id.*, p. 2), non-party and peace officer Chief Investigator

22  Jason Parker (*Id.*, p. 2), the Sutter County District Attorney's Office (*Id.*, p.3), and Chopra (*Id.*,

23  p.4).

24  **III.**   **LEGAL STANDARD**

25       **A.**    **MOTION TO DISMISS UNDER RULE 12(B)(6)**

26       A complaint is properly dismissed if the facts alleged are insufficient to state a claim upon

27  which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to

28  dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

face." (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) Dismissal under Rule 12(b)(6) is proper where there is either "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).) A court may dismiss a complaint under Rule 12(b)(6) when the complaint does not contain enough facts to state a claim to relief that is plausible on its face. (See, *Twombly,* 550 U.S. at 555.)

In evaluating a motion to dismiss, the court need not accept as true allegations that are merely legal conclusions or unwarranted deductions of fact or unreasonable inferences. (*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).) Allegations also need not be accepted as true if they contradict matters properly subject to judicial notice. (*Mullis v. United States Bankruptcy Court* 828 F.2d 1385, 1388 (9th Cir. 1987).) Likewise, courts are not required to accept as true a plaintiff's legal conclusion "couched as a factual allegation." (*Twombly*, 550 U.S. at 555.) Further, claims for relief that cannot be cured by amendment should be dismissed without leave to amend. (*Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) [recognizing "futility of amendment" as a proper basis to dismiss without leave to amend]; see also, *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).)

## B.   MOTION TO STRIKE UNDER RULE 12(f)

Further, the Court is authorized under Rule 12(f) to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The essential function of a Rule 12(f) motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" (*Bureeong v. Uvawas*, 922 F.Supp.1450, 1478 (C.D. Cal. 1996) (internal citations omitted).) A motion to strike should be granted where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." (*LeDuc v. Kentucky Central Life Ins. Co.* 814 F.Supp. 820, 830 (N.D. Cal. 1992).) "Immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." (*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5A Wright & Miller, Federal Practice and Procedure § 1382 at 706-707 (2d ed. 1990)), rev'd on other grounds, 510 U.S. 517 (1994).)

"Impertinent" matter "consists of statements that do not pertain, and are not necessary, to the issues in question." (*Id.*) "Scandalous" matter means, for purposes of Fed. R. Civ. P. 12(f), a statement that 'improperly casts a derogatory light on someone, most typically on a party to the action.'" (*Germaine Music v. Universal Songs of Polygram*, 275 F.Supp.2d 1288, 1300(2003) (quoting 5A Wright & Miller, Federal Practice of Procedure § 1382 at 712 (2d ed. 1990)), aff'd and rev'd on other grounds, 275 F.Supp.2d 1288 (2005).) Further, a motion to strike is appropriate if it will "eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." (*Sliger v. Prospect Mortg., LLC,* 789 F.Supp.2d 1212, 1216 (E.D. Cal. 2011).)

### C.  COMPLAINT IS SUBJECT TO STRIKE WHEN PLAINTIFF FAILS TO PLEAD A "SHORT AND PLAIN STATEMENT" PER RULE 8

A complaint must comply with the pleading requirements of Rule 8 (a)(2)—a short and plain statement. (*Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed.R.Civ.P. 8(a)(2).) Rule 8(d)(1) requires that "each averment of a pleading shall be simple, concise, and direct." "The district court [has] ample remedial authority to relieve a defendant of the burden of responding to a complaint with excessive factual detail. One option would have been to simply strike the surplusage from the [complaint]." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1132 (9th Cir. 2008); see, *Fallon v. U.S. Gov't*, No. CIV S–06–1438, 2007 WL 707531, at *2 (E.D.Cal. March 6, 2007.) The Complaint here is patently at odds with the simplicity and brevity contemplated by the Federal Rules, as it is "argumentative, prolix, replete with redundancy, and largely irrelevant." (*McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).)

## IV.  <u>MOTION TO DISMISS</u>

### A.  PLAINTIFF'S FIRST CLAIM FOR HOSTILE WORK ENVIRONMENT UNDER TITLE VII AND FEHA MUST BE DISMISSED

Plaintiff's first claim alleges hostile work environment harassment on the basis of race, national origin, and religion under federal and state law. However, she fails to plead facts sufficient to state a hostile work environment claim on the basis of her religious status. In order to establish on a hostile work environment claim under Title VII and California FEHA, the "plaintiff must establish that the workplace was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of employment and

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

create an abusive working environment." [(*Erdmann v. Tranquility Inc.*, 155 F.Supp.2d 1152, 1159 (N.D. Cal. 2001) (quoting *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21-22 (1993) (internal quotations omitted).][2]  To be actionable under Title VII and FEHA, "the work environment must be 'both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.'  (*Erdmann v.*, 155 F.Supp.2d at 1159 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998); *Jones v. Dept. of Corr. and Rehab.*, 152 Cal.App.4th 1367, 1377 (2007).)  Plaintiff must demonstrate that there existed a "'concerted pattern of harassment of a repeated, routine, or generalized nature.'"  (*Aguilar v. Avis Rent A Car System, Inc..* 21 Cal.4th 121, 131 (1999), quoting *Fisher v. San Pedro Peninsula Hospital* 214 Cal.App.3d 590, 610 (1989).)

The court must consider the totality of the circumstances in evaluating a colorable claim for hostile work environment, which may include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." ((*Erdmann*, 155 F. Supp. 2d at 1159).) (quoting *Harris*, 510 U.S. at 23; see, *Candelore v. Clark County Sanitation District*, 975 F.2d 588, 590 (9th Cir.1992) [isolated incidents are insufficient to create a hostile work environment.].)

Similarly under FEHA, the examination consider the nature of the unwelcome acts; the frequency; the total number of days over which the offensive conduct occurred; the context in which the harassing conduct occurred; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.  (See, *Miller v. Dept. of Corr.*, 36 Cal.4th 446, 462 (2005); see also, *Fisher,* 214 Cal.App.3d at 610.)   The objective inquiry is based on the perspective of the reasonable victim, where the plaintiff must prove that the defendant's discriminatory conduct would have interfered with a reasonable employee's work performance and would have seriously

---

[2] "Because California law under the FEHA mirrors federal law under Title VII, federal cases are instructive." *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1219 (9th Cir. 1998), as amended (Aug. 11, 1998); *Lyle v. Warner Bros. Television Productions* 38 Cal.4th 264, 279 (2006); *Miller v. Dep't of Corr.*, 36 Cal. 4th 446, 463 (2005).

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1   affected the psychological well-being of a reasonable employee and that he or she was actually

2   offended. (See, *Ellison v. Brady*, 924 F.2d 872, 879 (9th Cir.1991); see also, *Rehmani v. Superior*

3   *Court*, 204 Cal. App. 4th 945 (2012).)

4       The plaintiff must also show that the conduct was sufficiently severe or pervasive such

5   that it amounted to a change in the terms and conditions of employment and created an abusive

6   working environment.  (See, *Harris*, 510 U.S. at 21-22; see also, *Hughes v. Pair*, 46 Cal.4th 1035,

7   1043 (2009).)  "**There is no recovery 'for harassment that is occasional, isolated, sporadic, or**

8   **trivial.**'"  (*Hughes*, 46 Cal.4th. at 1043.) (quoting *Lyle v. Warner Bros. Television Prod.,* 38

9   Cal.4th 264, 283 (2006).)  If Plaintiff seeks to recover for a few isolated incidents, the incidents

10  must be "'severe in the extreme.'"  (*Id.*) (quoting *Herberg v. Cal. Inst. of the Arts* 101,

11  Cal.App.4th 142, 151 (2002).) For example, in *Manatt v. Bank of America*, 339 F.3d 792, 798-99

12  (9th Cir.2003), the Ninth Circuit held that isolated, racially offensive comments coupled with an

13  incident of teasing the plaintiff for her accent and pronunciation did not constitute a objectively

14  hostile work environment.  A "mere utterance of an ... epithet which engenders offensive feelings

15  in an employee," (internal quotation marks omitted) does not sufficiently affect the conditions of

16  employment to implicate Title VII.  (*Harris*, 510 U.S. at 17) (quoting *Meritor Savings Bank, FSB*

17  *v. Vinson*, 477 U.S. 57 (1986).)  Offhand comments and isolated incidents do not amount to

18  harassing behavior for the purposes of the FEHA.  (See, *Nichols v. Azteca Restaurant*

19  *Enterprises, Inc.*, 256 F.3d 864 (9th Cir. 2001).)   "Annoying" or "merely offensive" comments in

20  the workplace are simply not actionable.  (*Lyle*, 38 Cal.4th at 283.)

21      Plaintiff, here, fails to sufficiently allege religious harassment.  The only allegation she

22  specifically attributes to her religious status is one stray incident: Plaintiff alleges that in January

23  2016, the DA's Personal Assistant said that Sikh patrons in Yuba City are like animals and throw

24  garbage on the streets like dogs, that she expressed disgust for the annual religious Sikh parade,

25  and she said she lives near a Sikh temple and said it is a nuisance.  (Complaint, ¶29.)  There are

26  no other allegations of religious harassment.  A single incident or stray remark that may prompt

27  offended feelings of an employee, however, is not sufficient to establish a claim under Title VII

28  or FEHA.

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

In *Mokler v. County of Orange*, 157 Cal.App.4th 121 (2007), the plaintiff alleged that a County supervisor asked her if she was married; called her "the aging nun;" pulled her next to him, looked her up and down, and complimented her suit and legs; and put his arm around her, rubbed her breast with his arm, and asked her where she lived. (*Id.* at 144.) The Court of Appeal held that while the supervisor's behavior was "rude, inappropriate, and offensive," the allegations "occur[ing] on three occasions over a five-week period, and involved no physical threats" fell short of establishing a pattern of pervasive harassment having. (*Id.* at 144-145.)

Less than *Mokler*, Plaintiff has not alleged a pattern of pervasive harassment on the basis of religion. She alleges one isolated conversation involving her Sikh religion in January 2016. While Plaintiff may have considered the behavior to be "rude, inappropriate, and offensive," she has not established that the alleged comments were severe or pervasive enough to alter the conditions of her employment and create an abusive working environment. Plaintiff does not plead a viable first claim for hostile work environment based on religion and should be dismissed.

**B.    PLAINTIFF'S SECOND CLAIM FOR RELIGIOUS DISCRIMINATION UNDER TITLE VII AND FEHA MUST BE DISMISSED**

Plaintiff's claim for religious discrimination under Title VII and FEHA is without merit because the Complaint is entirely devoid of any factual allegations that could present a plausible claim that Plaintiff was subjected to any adverse employment action based on her religion. To assert a viable cause of action for discrimination under federal or state law, Plaintiff must plead facts to demonstrate that the County took a purported adverse personnel action against her because of her religion. [3] (42 U.S.C. § 2000e–2(a); Cal. Gov. Code § 12940(a); *EEOC v. Abercrombie & Fitch Stores, Inc.*, 135 S.Ct. 2028, 2033 (2015); *Guz v. Bechtel National Inc.*, 24 Cal. 4th 317, 325 (2000).)

Here, the Complaint contains no facts to indicate that any personnel action taken against Plaintiff was motivated, in part or at all, because she is Sikh. (Complaint, ¶ 29.) Mere

---

[3] Because the statutory purposes are similar, California courts that find no California precedent for a substantive point of discrimination law frequently adopt the standards set by the United States Supreme Court for proving intentional discrimination under Title VII. (See *Los Angeles County Dept. of Parks & Rec. v. Civil Services Comm'n*, 8 Cal.App.4th 273, 280 (1992).)

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT

8145278.8 SU060-009

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1    conclusory statements that she was discriminated against in violation of an anti-discrimination

2    statute are not sufficient to meet the pleading burden.  (*Starr v. Baca*, 652 F.3d 1202, 1216 (9th

3    Cir. 2011).)  Plaintiff fails to plead that the DA's Personal Assistant, who in January 2016 made

4    comments to Plaintiff about Sikhs, had any authority or to initiate an adverse employment action

5    against Plaintiff.  There are simply no facts pled to show Plaintiff was terminated for being Sikh.

6    Vague allegations of FEHA discrimination in the Complaint are the type of "unadorned, the-

7    defendant-unlawfully-harmed-me accusation[s]" that are insufficient to meet the pleadings burden

8    in federal court.  (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).)  Thus, this claim is insufficiently

9    pled and must be dismissed.

10        In addition, other cases of religious discrimination have been dismissed where an

11   employee has pled more facts that Plaintiff does here.  For example, an employee's allegations

12   that corporate employer's officer mocked the crucifixion of Jesus by mimicking Jesus's posture on

13   the cross, made off-color comments to female subordinate at birthday party, criticized employee

14   for not being tough enough on his subordinates, yelled at employee and called him an "idiot,"

15   scheduled a sales meeting on a Sunday, used vulgar phrase in employee's presence to describe

16   employer's handling of customer problem, made off-color jokes in employee's presence, failed

17   immediately to discipline subordinate when subordinate used sexually offensive slides in business

18   presentation, and told employee during meeting "I don't think the light is on upstairs" while

19   pointing to employee's head, did not establish pervasive acts of religious discrimination in

20   violation of FEHA  "To the contrary, they demonstrate at most "occasional, isolated, sporadic, or

21   trivial" acts of harassment that do not rise to the level of actionable conduct under FEHA.

22   (*Burrahm v. IMPCO Techs., Inc.*, No. B141340, 2002 WL 80258, at *5 (Cal. Ct. App. Jan. 22,

23   2002).) (quoting *Fisher,* 214 Cal.App.3d at 610.)  Further, federal cases hold that where decision

24   makers make biased remarks unrelated to the adverse employment action, the remarks do not

25   meet plaintiff's burden to show discriminatory intent. (See, *Merrick v. Farmers Ins. Group*, 892

26   F.2d 1434, 1438-1439 (9th Cir. 1990).)

27        The Complaint here falls short in pleading discriminatory intent based on Plaintiff's

28   religion.  The purported stray remarks about Plaintiff's Sikh faith were not by a decision maker,

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT

8145278.8 SU060-009

but rather, allegedly by Roben, a legal secretary for the District Attorney's Office, who had no decision making authority. Further, the Complaint offers no allegations to establish a nexus between the adverse employment action and religious bias to salvage her fatally pled claim for religious discrimination.

Based on the foregoing, Plaintiff has not alleged viable claims for religious harassment or discrimination such that dismissal of her First and Second claims are proper.

## C. THE FOURTH CLAIM FOR WHISTLEBLOWER RETALIATION MUST BE DISMISSED

### 1. Insufficient Facts Alleged for Violation of Labor Code Section 98.6

In order to prevail on a claim brought under Cal. Lab. Code § 98.6, Plaintiff must show: (1) she engaged in protected activity; (2) she was subject to an adverse employment action; and (3) the existence of a causal link between the two. (*Grinzi v. San Diego Hospice Corp.*, 120 Cal.App.4th 72, 86-89 (2004).) Section 98.6 provides that an employer shall not retaliate against an employee because the employee filed a "bona fide complaint or claim" with the Labor Commissioner, or "made a written or oral complaint that he or she is owed unpaid wages." (Labor Code § 98.6 (a).) Here, the Complaint does not allege any wage and hour violations. Nor does Plaintiff allege she filed a bona fide complaint with the Labor Commissioner or that she made any type of complaint that she is owed unpaid wages. Thus, this claim must be dismissed, without leave to amend.

### 2. The Labor Code Section 1102.5 Claim Fails Because Plaintiff Has Failed to Allege Exhaustion of Administrative Remedies

Plaintiff has failed to allege that she has exhausted her administrative remedies with the Labor Commissioner. Under California law, an employee who seeks to pursue a claim for violation of the Labor Code is required to exhaust administrative remedies by filing a complaint with the Labor Commissioner before bringing a civil action. (Lab. Code, §§ 98.6(a), 98.7.) In *Campbell v. Regents of the Univ. of Cal.,* the California Supreme Court held that a litigant seeking damages under section 1102.5 is required to exhaust administrative remedies before the Labor Commissioner prior to bringing suit. The Court stated "absent a clear indication of legislative intent, we should refrain from inferring a statutory exemption from our settled rule

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

requiring exhaustion of administrative remedies." (*Campbell v. Regents of the Univ. of Cal.*, 35 Cal.4th 311, 333-334 (2005).)

Here, Plaintiff has failed to allege facts establishing a claim for violation of Labor Code §§ 1102.5 and 98.6 which must be predicated on exhaustion of those administrative remedies made available by statute. (See, *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1179-80 (E.D. Cal. 2005) [finding exhaustion is necessary]; see also, *Toth v. Guardian Indus. Corp.*, Case No. 1:12-CV-0001 LJO DLB, 2012 WL 1076213 (E.D. Cal. Mar. 29, 2012).) Moreover, because the six month statute of limitations period to file claims with the Labor Commissioner has expired, this Court should grant Defendant's motion to dismiss without leave to amend because it is too late for Plaintiff to cure this defect. (Lab. Code, § 98.7 (a).)

### 3.     <u>Insufficient Facts Alleged for Violation of Labor Code Section 1102.5</u>

Labor Code §1102.5 protects employees who disclose reasonably based suspicions of illegal activity or noncompliance with rules or regulations either to a government or law enforcement agency or directly to another employee of the employer so long as the employee to whom the report is made has authority over the disclosing employee or has authority to investigate, discover or correct the violation or noncompliance. (Lab. Code, § 1102.5 (b).) Plaintiff must allege that she engaged in protected activity, her employer subjected her to an adverse employment action, and there is a causal link between the two. (*Hager v. County of Los Angeles*, 228 Cal.App.4th 1538, 1540 (2014).)

To establish a *prima facie* case of retaliation under section 1102.5, Plaintiff must plead facts to show (1) she engaged in protected activity; (2) she was subjected to an adverse employment action; and (3) a causal link between the two. (*Mokler,* 157 Cal.App.4th at 138.) Under section 1102.5, protected activity is the disclosure of, or opposition to, a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation. (Lab. Code § 1102.5 (b), (c).) Section 1102.5 requires the disclosure by Plaintiff of a violation of a "state or federal statute," or noncompliance with a "local, state, or federal rule or regulation." (Lab. Code §1102.5 (b).) Plaintiff must plead facts showing that she refused to take an action that would violate a specified law. An employee engages in protected activity when she discloses

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

"reasonably based suspicions of illegal activity." (*Green v. Ralee Engineering Co.*, 19 Cal.4th 66, 86-87 (1998).)     To invoke section 1102.5, an employee must disclose violation of a specific federal or state statute, rule or regulation.  (*Carter v. Escondido Union High School Dist.*, 148 Cal.App.4th 922, 933 (2007).)

Plaintiff claims she "engaged in protected activity when she made complaints that she was being treated differently based on her race, national origin, and religion. These protected activities include, but are not limited to: making complaints to County Human Resources; making complaints to her union; filing a complaint with the DFEH; and filing a complaint with the EEOC." (Complaint, ¶1 04.)  And that her "complaints regarding illegal harassment, discrimination, and retaliation were substantial motivating reasons for Defendant the adverse employment actions against Plaintiff."  (*Id.*, ¶ 104.)

However, Plaintiff only makes cursory statements that she reported protects complaints to "persons with authority above her in Sutter County" regarding improper interviews of witnesses in criminal trials, a biased *Skelly* hearing, the safety of herself and her family, the unsafe working environment, hostile working conditions (harassment) and workplace discrimination based on race, national origin, and religion. (*Id.*, ¶ 116.)  As pled, the Complaint insufficiently identifies three instances of Plaintiff engaging in purported protected activity: (1) when she contacted her union "regarding the ongoing harassment by Hopper and Parker" in February 2016; (2) when she "submitted a harassment and discrimination complaint County to Human Resources" in April 2016; and (3) when she sent a letter to the County raising concerns about the propriety and efficacy of the administrative investigation" in August 2016. (*Id.*, ¶¶ 33, 54, 67.)

She does not, however, specify the nature of her complaints, the details of the unlawful activity reported, the facts that formed the basis of her complaints, or any particularity that her complaints were on the basis of a protected classification.  She also does not allege that she was ordered to violate any specific laws or that she informed superiors at Sutter County that she believed that the County had violated any statutes, including the laws enumerated in her retaliation claim. (See, *Id.*, ¶116 at p. 24:18-19.)  Such vague allegations simply do not give "fair notice" to this court or the parties of the protected activity in which she believes she engaged and

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

that is because none exists. Accordingly, Plaintiff's Labor Code retaliation claim fails to set forth facts that she reported unlawful activity to a County employee that had authority to investigate, discover or correct the violation or noncompliance. Plaintiff must plead facts, not conclusions or ambiguous references to unidentified "persons with authority above her."

Additionally, Plaintiff cannot allege that she engaged in any protected activity because it is well-established that an "employee's report to the employee's own supervisor about the supervisor's own wrongdoing, is not a 'disclosure' and is not protected whistleblowing activity, because the employer already knows about his or her wrongdoing." (*Mize-Kurzman v. Marin Cmty. Coll. Dist.*, 202 Cal.App.4th 832, 859 (2012).) Thus, any allegations that Plaintiff complained to any of her own supervisors are insufficient to salvage this claim. One does not blow the whistle by complaining directly to the alleged wrongdoer.

Moreover, whistleblowing activities that are part of an employee's general job duties cannot form the basis of a whistleblower action under Labor Code § 1102.5. (See, e.g., *Edgerly v. City of Oakland,* 211 Cal.App.4th 1191, 1207 (2012); *Muniz v. United Parcel Service, Inc.*, 731 F.Supp.2d 961, 970 (2010).) For example in *Edgerly*, the Court ruled that an administrator of a city could not claim a retaliation claim pursuant to 1102.5 for conduct that was consistent with, if not required by, her general job description. (*Edgerly*, 211 Cal.App.4th at 1207.) Thus, any allegations that Plaintiff reported issues relating to her general job duties as a deputy district attorney are insufficient to salvage this claim. In those instances, Plaintiff is doing her job, not whistleblowing.

Lastly, Plaintiff's allegations are insufficient to show she engaged in protected activity because she cites to no local, state or federal statute, rule or regulation that she allegedly reported was violated. (See, e.g., Labor Code § 1102.5 (b); *Edgerly*, 211 Cal.App.4th at 1207.) A complaint must do more than name particular statutes defendant allegedly violated. To provide "fair notice," it must also allege facts regarding what conduct violated those laws. (*Anderson v. U.S. Dept. of Housing & Urban Develop*., 554 F.3d 525, 528 (5th Cir. 2008).) Here, Plaintiff alleges she complained of harassment and discrimination to Human Resources on April 19, 2016. (Complaint, ¶54.) However, she does not allege that she was ordered to violate any specific laws,

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

or that she informed superiors at Sutter County that she believed that the County had violated any statutes, including those enumerated in the Complaint at p. 116:18-19. Instead, she states that "activities violated statutes." These allegations are not disclosure to the County of a violation of a local, state or federal statute or rule. Plaintiff does not plead that she was ordered to violate the law, that she told County which laws she was ordered to violate, and alleges no facts to indicate she apprised County of which laws she believes were violated. Indeed, Plaintiff fails to plead that she informed any superior at the County that any specific statute, rule or regulation was violated. Without asserting the specific factual conduct that violated which law cited in the Complaint, Plaintiff has failed to plead a sufficient claim for retaliation to place Defendant on "fair notice" of the claims alleged against it.

Based on the above, the fourth claim for retaliation should be dismissed with prejudice.

## V. **MOTION TO STRIKE**

The Court is authorized under Rule 12(f) to strike as irrelevant, impertinent, scandalous matters to the complaint. In addition, courts may strike excessive, lengthy, impertinent, and unnecessary allegations for Plaintiff's failure to plead a" short and plain" statements and averments that are simple, concise and direct as required under Rule 8.

Further, courts may strike improper attachments that fail to comply with Rule 10(c), which provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." (Fed. R. Civ. P. 8; see e.g., *Rose v. Bartle,* 871 F.2d 331, 339, n. 3 (3d Cir. 1989); *Nkemakolam v. St. John's Military School*, 876 F.Supp.2d 1240, 1246-47 (D. Kan. 2012); *Perkins v. Silverstein*, 939 F.2d 463 (7th Cir. 1991); *Cabot v. Wal-Mart Stores*, Inc., No. CIV 11–0260 JB/RHS, 2012 WL 1378529, at *8 (D.N.M. 2012).)

### A. "OVERVIEW OF CASE" IS PROLIX, REDUNDANT, UNNECESSARY, AND CONTRAVENES REQUIREMENT FOR A "SHORT AND PLAIN STATEMENT" OF THE CLAIMS

The purpose of Rule 8 is defeated when the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs. (*McHenry*, 84 F.3d at 1178.)

The Complaint in the case at bar is precisely the type of pleading that contravenes the

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

contemplations of Rule 8 and admonished by the Ninth Circuit in *McHenry*. Specifically, the "Overview of the Case" is entirely argumentative, prolix, replete with redundancy, and largely irrelevant. (Complaint, pp. 2:1-3:1.) Indeed, the very first averment of the Complaint is entirely argumentative, with statements like, "[Plaintiff's supervisor] is bad at her job," and goes on to provide irrelevant narrative about Hopper's "critical mistakes." (*Id.*, p. 2:2-20). The "Overview of the Case" otherwise entirely consists of unnecessary and redundant (e.g., "needlessly repetitive") allegations that are later pled again in the 66 paragraphs of "Statement of Facts" (*Id.*, ¶¶ 7-72 at pp.4:15-17:21). This is precisely the type of excessive and unnecessary pleading that contravenes the purpose of Rule 8. In essence, this section of the Complaint is nothing more than a colorful introduction consisting of "narrative ramblings" and "storytelling" that serves no purpose in providing defendants notice of what legal claims are being asserted. (See, *Id.* at 1176.) "The purpose of the court system is not, after all, to provide a forum for storytelling or political griping, but to resolve legal disputes." (*Id.*) The "Overview of the Case" fails to conform with the required pleading standard for simplicity and brevity and should be eliminated with prejudice.

### B. PHOTOGRAPHS CANNOT BE PART OF THE PLEADINGS, THEY ARE IMMATERIAL, AND FOR IMPROPER PURPOSES

#### 1. Photographs Are Not "Written Instruments" to Be Contemplated in a Complaint Pursuant to Rule 10 and Should Be Stricken As Immaterial

A plaintiff, pursuant to Rule 10(c) may attach a copy of a "written instrument" to the complaint and incorporate it by reference as part of the pleading. Rule 10(c) specifically refers to a "written instrument" and "only permits the incorporation of a legally operable 'written instrument' such as a contract, check, letter, or affidavit" but not "items such as 'newspaper articles, commentaries and editorial cartoons.' " (*Dichter-Mad Family Partners, LLP v. United States* (C.D. Cal. 2010) 707 F.Supp.2d 1016, 1019. "The Federal Rules consistently describe pleadings as containing 'statements' and 'allegations.'" (*Nkemakolam*, 876 F. Supp. 2d at 1246.) "**Fed.R.Civ.P. 8, 9, and such language [do] not contemplate photographs or other objects**." [*Id.*) (citing, *Cabot*, 2012 WL 1378529, at *2–3, *7. (Emphasis added).] Further, **photographs are not "written instruments"** contemplated by Rule 10." [(*Id.*, at 1246-1247.) (Emphasis added).] Accordingly, a court is authorized under Rule 12(f) to strike photographs provided with

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1    a complaint as immaterial.

2         In *Khan v. 7-Eleven, Inc.*, No. EDCV1400522DMGPLAX, 2014 WL 12601018, (C.D.

3    Cal. Nov. 3, 2014), the plaintiff alleged that 7-Eleven used investigators in part of a coercive

4    technique to intimidate and terminate long-term franchisees, and attached to the complaint a

5    photograph of alleged "investigators" to show that the description of the stalker alleged in the

6    complaint was similar to one of the individuals in the photograph.  The Central District Court

7    struck the photograph, explaining that "only 'written instruments,' and not purely evidentiary

8    matter, may be attached to a complaint and incorporated by reference. Fed. R. Civ. P. 10(c).  [**The**

9    **photograph] is not a written instrument and should not be attached as an exhibit to the**

10   **[complaint]… Moreover, the photograph is immaterial to the complaint, which is a vehicle**

11   **for teeing up claims, not offering or introducing proof of those claims.**"  [(Id. at *6) (internal

12   citations omitted) (Emphasis added).]

13        In addition, in *Hahn v. City of Carlsbad*, No. 15-CV-2007 DMS (BGS), 2016 WL

14   3211801 (S.D. Cal. Feb. 3, 2016), a civil rights action for unlawful arrest and battery, the plaintiff

15   referenced the webpage address of a YouTube video in the complaint purporting to show the

16   incident at issue in the case.  Even though plaintiff claims the video's address was intended to

17   merely provide background and not proffered as an exhibit, the Southern District Court disagreed,

18   ruling that the YouTube video was indeed an exhibit intended as "evidence to support specific

19   allegations by plaintiffs," which the court struck from the complaint because the video was

20   "**immaterial… redundant and needlessly repeats numerous allegations in the SAC**." [(*Id.* at

21   *4) (Emphasis added).]

22        Here, Plaintiff improperly embeds four photographs in the Complaint that purport to

23   depict (1) non-party witness Hopper, (2) non-party witness and peace officer Parker, (3) the

24   Sutter County District Attorney's Office, and (4) Plaintiff.  (Complaint, pp. 2, 3, 4).  None of the

25   four photographs "pled" in the Complaint are written instruments as required by Rule 10 (c) (i.e.,

26   legally operable 'written instrument' such as a contract, check, letter, or affidavit).  The

27   photographs are not intended as an assertion of fact in and of itself, but rather, as evidence to

28   support specific factual allegations in the Complaint, as Plaintiff offers no description or

allegation explaining the purpose of including these images in the Complaint. This attempt to incorporate by reference these demonstrative photos is plainly improper under Rule 10(c). And the Federal Rules of Civil Procedure "do not contemplate the attachment of exhibits, such as photographs, that are not written instruments." (*Nkemakolam,* 876 F.Supp.2d at 1246-1247.) The photographs are not a proper "written instrument" under the pleading standards of the Federal Rules and cannot be considered as part of the Complaint.

### 2.    <u>Photographs Have No Bearing this Employment Action</u>

Second, the photographs have zero relevance to Plaintiff's claims regarding Defendant's purported adverse employment actions or to Plaintiff's race or religious status. The physical depictions or attributes of these individuals (Hopper, Parker, Chopra) have no essential bearing on the allegations of discrimination/harassment in question, or the claims for relief pled, and thus entirely unnecessary to any of the issues in this case. The photo of Plaintiff is self-gratuitous and also non-essential to any factual issue or legal claim in this employment action. Further, the generic background photo of an unidentifiable building purporting to be the District Attorney's Office are not relevant or necessary to this case at all. The photographs should be excluded because they are immaterial, impertinent, and irrelevant matters to the Complaint.

### 3.    <u>Photographs Are Harassing, Prejudicial, and Invade Third Party Privacy</u>

Third, the right to privacy under the California Constitution protects an individual's reasonable expectation of privacy against a serious invasion. Cal. Const. Art. 1, § 1. District Attorney Hopper and Chief Investigator Jason Parker are not parties to this case. Though Plaintiff relies on many of their purported acts, statements, and omissions to support her discrimination claims, their physical appearance have no bearing on the allegations of race or religious discriminatory conduct that is pled in the Complaint. Including these non-probative photographs, especially of non-parties, and without Plaintiff's demonstration that she obtained authority or consent to use of their images, can only be deemed harassing, prejudicial, and an invasion of these individuals' privacy when they serve no legitimate purpose to the pleadings. (See, *Fleet v. CBS, Inc.*, 50 Cal.App.4th 1911, 1918 (1996) ["Under California law, an individual's right to publicity is invaded if another appropriates for his advantage the individual's

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

---

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT

name, image, identity or likeness. This is an actionable tort under both common law and Civil Code section 3344."]; *M.G. v. Time Warner, Inc.*, 89 Cal.App.4th 623, 636 (2001) [holding plaintiffs could state a claim for false light invasion of privacy from the unauthorized use of plaintiffs photographs in an article and television program because it "expose[d] [them] to hatred, contempt, ridicule, or obloquy and assumes the audience will recognize it as such"].) Proffering readily identifiable photographs of Hopper and Parker in connection with inflammatory, unsupported, and unnecessary accusations is severely prejudicial and imposes great harm to their privacy interests of these non-party witnesses. Because the photos are wholly immaterial to the Complaint, and Hopper and Parker's constitutional privacy interests far outweigh any need to include their photographs in the pleading, these photographs should be stricken with prejudice.

Furthermore, the inclusion of the photographs triggers questions of copyright infringement, as Plaintiff has not demonstrated any right or authorization to use these photographs for her own purposes nor that the inclusion of photographs of individuals – including non-parties – in a complaint constitutes fair use. (See generally, 18 Am. Jur. 2d Copyright and Literary Property § 234; see also, *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1171 (9th Cir. 2012).)

Based on the foregoing, all four photographs (of Hopper, Parker, District Attorney's Office, and Plaintiff) should be stricken because they are wholly immaterial and impertinent to the employment issues in this action, they are severely prejudicial to the privacy interests of non-parties, and are not proper written instruments under Rule 10 (c) to be considered as part of the pleading.

## C. SCANDALOUS ALLEGATIONS SHOULD BE STRICKEN

Scandalous matters that improperly cast a derogatory light on someone may be stricken, even where it arguably relevant to plaintiff's claim. (*Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005).) It is also appropriate to strike matters as scandalous if the matter bears little materiality to the controversy or whose effect would be prejudicial. (See, *Id.; Parrish v. Sollecito*, No. 01 Civ.5420, 2002 WL 1072227, at *1 (S.D.N.Y. May 28, 2002).)

Plaintiff here includes a number of inflammatory allegations pertaining to non-party

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1  witnesses which can only be for the purposes of casting her former supervisor, District Attorney

2  Hopper and colleague, Chief Investigator Parker, in a derogatory light. At Paragraphs 16 and 21

3  of the Complaint, Plaintiff alleges that Hopper and Parker, two third-party witnesses who work

4  for the County, were lovers engaged in a secret affair.  She alleges, "[o]n information and belief,

5  Parker later became DA Hopper's lover. This relationship began while CHOPRA was employed

6  with Sutter County."  (Complaint, ¶ 16.)  She then alleges "CHOPRA did not know that DA

7  Hopper and Parker were in a relationship such that he would have motivation to please his

8  confidential paramour."  (*Id.*, ¶ 21.)  To highlight the derogatory nature of her pleadings, Plaintiff

9  injects another entirely unfounded accusation about her supervisor's romantic/sexual life,

10  inferring that some clandestine romantic/sexual relationship existed between District Attorney

11  Hopper and the defendant in the *McElfresh* case.  Lacking any purpose, relevancy, or grounds for

12  this accusation, she incredulously states "[Plaintiff] was suspicious of DA Hopper's intentions for

13  [the *McElfresh*] case and wondered if DA Hopper was entangled with the defendant [in some

14  way]."  (*Id.*, ¶ 17 at p.6:16-17.)  These illicit allegations are wholly irrelevant and harassing.

15      An allegation of a secret sexual relationship may be stricken by courts under Rule 12(f)

16  when it includes a non-party to the litigation and is irrelevant to a plaintiff's claim. (See, *Williams*

17  *v. Bd. of Trs. of Frederick Cmty. College*, No. CIV.A. CCB03CV2123, 2004 WL 45517, at *8 (D.

18  Md. Jan. 8, 2004) [alleged consensual sexual relationship between defendant and plaintiff's

19  coworker struck as scandalous and immaterial to plaintiff's Title VII claims against defendant

20  because it was "of little or no relevance" to plaintiff's allegation of defendant's malice toward her

21  and had "potential for unfair prejudice and embarrassment, particularly to a non-party"]; see also,

22  e.g., *Cruz v. Oxford Health Plants, Inc.,* No. 03CIV.8863(LTS)(JCF), 2004 WL 2609528, at *2

23  (S.D. N.Y. Nov. 17, 2004) [striking as scandalous pleading the allegation of a consensual affair

24  between plaintiff's supervisor and a third-party as irrelevant and not probative of any pattern of

25  discriminatory conduct or hostile or harassment].)

26      Here, Plaintiff alleges two scurrilous plots that Hopper and Parker were secret lovers and

27  that Hopper and defendant *McElfresh* were romantically entangled in some way, despite a lack of

28  evidence other than her own self-serving statements, and despite the fact that these accusations

are irrelevant to her claims for retaliation, and discrimination/hostile work environment based on race and religion. Plaintiff's accusation of a secret affair on its face does nothing more than create salacious rumors intended to humiliate non-parties. Plaintiff fails to indicate in any way that Hopper's purported relationships impacted Plaintiff to any degree while she was employed by the County. Further, nothing suggests that the alleged relationships constituted abuse, hostility, or harassment against her. (See, *Parrish*, 2002 WL 1072227, at *2.) These sensational and unsupported allegations are irrelevant to Plaintiffs' claims and should thus be stricken from the Complaint to prevent further prejudice to these non-parties and unwarranted damage to their reputations.

Moreover, the specialized protection of peace officer information limits disclosure of personal information that is acquired by a public employee in the course of duty and not openly or officially disclosed to the public. (Evid. Code §§ 1040, 1043 *et seq*.; Penal Code §§ 832.7 (a), 832.8) Accordingly, information about peace officer Chief Investigator Parker's personal romantic status that Plaintiff alleges to have learned, in or during the course of her employment at Sutter County, is protected from disclosure under the peace officer privilege and cannot be disclosed.

Accordingly, this Court should strike from the Complaint, with prejudice, all allegations referencing or insinuating romantic relationships as scandalous and irrelevant. .

## VI.   **<u>CONCLUSION</u>**

Based on the foregoing, Defendant respectfully requests that this Court dismiss with prejudice the First and Second claims based on Plaintiff's religious status, and the Fourth claim for retaliation under the Cal. Labor Code. Defendant further requests that this Court strike from the Complaint the "Overview of the Case," all photographs, and all references to any romantic relationships between non-parties.

Dated:  May 8, 2017                         LIEBERT CASSIDY WHITMORE


                                   By:   /s/Morin I. Jacob
                                         Morin I. Jacob
                                         Joy J. Chen
                                         Attorneys for Defendant
                                         COUNTY OF SUTTER

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT

8145278.8 SU060-009