Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
Joy J. Chen, Bar No. 273894
jchen@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone:	415.512.3000
Facsimile:	415.856.0306

Attorneys for Defendant
COUNTY OF SUTTER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| ANU CHOPRA, | Case No.: 17-CV-677-TLN-CMK |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE COMPLAINT** |
| v. | |
| COUNTY OF SUTTER; and DOES 1 through 50, inclusive, | Date:	July 13, 2017<br>Time:	2:00p.m.<br>Courtroom: 2, 15th Floor<br>Judge:	Hon. Troy L. Nunley |
| Defendant. | *[Defendant's Notice of Motion and Motion to Dismiss and Motion to Strike; and Memorandum of Points and Authorities filed concurrently herewith]* |

On July 13, 2017 at 2:00p.m., Defendant COUNTY OF SUTTER'S ("Defendant" or "Sutter County")  Motion to Dismiss and Motion to Strike Plaintiff ANU CHOPRA'S ("Plaintiff" or "Chopra") Complaint came on regularly for hearing in Courtroom 2, 15th Floor of the above-entitled Court, the Honorable Troy L. Nunley presiding.

Having considered the moving papers and reply, and opposing papers, the documents filed in support thereof, as well as the oral argument of counsel at the hearing, the Court rules as follows:

1.	Defendant's Motion to Dismiss the Complaint is GRANTED WITH PREJUDICE, pursuant to Fed. R. Civ. P. 12(b)(6), as to Plaintiff's First Claim on the basis of religious status, Second Claim on the basis of religious status, and Third Claim for retaliation under Cal. Labor

Code, §§ 98.6 and 1102.5, on the grounds that Plaintiff fails to state a claim as a matter of law and that Plaintiff cannot cure these defects by amendment:

    (a)    The First Claim for hostile work environment under 42 U.S.C. § 2000e and Cal. Gov. Code §12940, subd. (j) fails as a matter of law because Plaintiff has pled insufficient facts to establish a *prima facie* case that a hostile work environment existed on the basis of Plaintiff's religion.

    (b)    The Second Claim for discrimination based on religion under 42 U.S.C. § 2000e and Cal. Gov. Code §12940, subd. (a) fails as a matter of law because Plaintiff has pled insufficient facts to establish a *prima facie* case that Plaintiff's religion was a motivating factor in any adverse employment action.

    (c)    The Third Claim for retaliation under Cal. Labor Code §§ 98.6 and 1102.5 fails as a matter of law because Plaintiff has pled insufficient facts to establish a *prima facie* case that she engaged in protected activity.

    (d)    The Third Claim for retaliation under Cal. Labor Code §1102.5 fails as a matter of law because Plaintiff has pled insufficient facts to show exhaustion of administrate remedies and because her claim is barred by statute of limitations.

IT IS HEREBY ORDERED that the First Claim based on religious status, Second Claim based on religious status, and Third Claim in the Complaint are dismissed with prejudice.

2.    Defendant's Motion to Strike the Complaint is GRANTED, pursuant to Fed. R. Civ. P. 12(f), on the grounds that the following portions of the Complaint are found to be irrelevant, redundant, immaterial, impertinent, or scandalous matters.

IT IS FURTHER ORDERED THAT the following shall be stricken with prejudice from the Complaint:

    1.    Complaint at pp. 2:1-3:1: "Overview of the Case" in its entirety.

    2.    Complaint at pp. 2, 3, 4: All photographs.

3. Complaint, ¶16 at p. 4:26-27: "On information and belief, Parker later became DA Hopper's lover. This relationship began while CHOPRA was employed with Sutter County."

4. Complaint, ¶17 at p. 6:16-17: "CHOPRA was suspicious of DA Hopper's intensions for this case and wondered if DA Hopper was entangled with the defendant in some way."

5. Complaint, ¶21 at p. 8:2-4: "CHOPRA did not know that DA Hopper and Parker were in a relationship such that he would have motivation to please his confidential paramour."

IT IS SO ORDERED.

Date_____     _____
                                        Honorable Troy L. Nunley
                                        United States District Judge